IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Bonham, | : | |
| Petitioner | : | Case No. 2:10-cv-00925 |
| v. | : | Judge Sargus |
| Brian Cook, Warden, | : | Magistrate Judge Abel |
| Respondent | : | |

# Report and Recommendation

Petitioner Christopher Bonham, a prisoner at the Pickaway Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on August 26, 1996 Bonham was convicted in the Court of Common Pleas for Licking County, Ohio for two counts of rape, two counts of sexual battery, and five counts of gross sexual imposition. He was sentenced to a term of 25 to 55 years imprisonment.

The petition alleges that petitioner filed a timely notice of direct appeal; and the Ohio Court of Appeals for the Fifth Appellate District issued a decision affirming the judgment of conviction. Petitioner did not file a motion for leave to appeal to the Supreme Court of Ohio.

In 2010, petitioner filed a motion for leave to reopen his direct appeal. On April 9, 2010, the Ohio Court of Appeals for the Fifth Appellate District issued a decision denying the motion. Petitioner filed a motion to reconsider, but in May 2010 the Court of Appeals denied that motion. Petitioner appealed to the Supreme Court of Ohio, but on July 21, 2010, it denied his motion for leave to appeal. *State v. Bonham*, 126 Ohio St.3d 1517 (2010).

Petitioner alleges that his convictions violated the United States Constitution because:

    A.    He was denied a fair trial by the admission of evidence of other bad acts.

    B.    He was denied a fair trial because the prosecutor presented false testimony and engaged in other misconduct.

    C.    He has denied the effective assistance of counsel at trial.

    D.    He was denied the right to confront and cross-examine witnesses.

    E.    He was denied the effective assistance of counsel when his trial attorney failed to file a motion to dismiss based on a denial of his right to a speedy trial.

    F.    He was denied the effective assistance of appellate counsel when his attorney on appeal failed to allege ineffective assistance of trial counsel.

    G.    He was denied the effective assistance of appellate counsel when his attorney on appeal failed to allege prosecutorial misconduct, denial of the

    effective assistance of trial counsel, and that perjury was committed by the State's witnesses.

I.   He was denied the effective assistance of appellate counsel when his attorney on appeal failed to allege any ineffective assistance of trial counsel claim or a claim that the trial judge denied him a fair trial when he failed to charge the jury on a lesser included offense.

J.   He was denied the effective assistance of appellate counsel when his attorney on appeal failed to allege that his 25-45 year sentence was cruel and unusual punishment.

  The petition for writ of habeas corpus herein was filed October 14, 2010. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A).[1] Petitioner was convicted in August 1996. Petitioner filed a direct appeal; and when the Court of Appeals affirmed the judgment of conviction he did not file a motion for leave to appeal to the Supreme Court of Ohio. His conviction

---

[1] The limitation period begins to run at a later date if there is an impediment to the filing of the habeas corpus petition created by the state in violation of the constitution, the constitutional right is newly-recognized, or petitioner could not have discovered by the exercise of due diligence a factual predicate to the claim. 28 U.S.C. §2244(d)(1)(B), (C) and (D). None of those situations apply here.
  Further, the limitation period is stayed during the time a properly filed Ohio petition for post-conviction relief or other collateral review with respect to the judgment or claim is pending. 28 U.S.C. §2244(d)(2). Petitioner did not file a petition for post-conviction relief.

became final forty-five days after the Court of Appeals' decision affirming the judgment of conviction. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.2001); Rule II, §2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. He had one year from the date his conviction became final by conclusion of direct review to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). He failed to do so. Further, the petition fails to allege any extraordinary circumstances, beyond petitioner's control, that made it impossible to file a petition on time. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir.2003); *King v. Bell*, 378 F.3d 550 553 (6th Cir. 2004).

Finally, petitioner's 2010 motion for leave to reopen his direct appeal was filed more than a decade after his conviction became final. Because the statute of limitations had already run, that motion--which was denied--did not start the clock running again on the one year statute of limitations for filing a federal habeas corpus. "The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003) (same).

Accordingly, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge