IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER BONHAM,

        Petitioner,

v.

BRIAN COOK, WARDEN,

        Respondent.

CASE NO. 2:10-CV-00925
JUDGE SARGUS
MAGISTRATE JUDGE ABEL

## OPINION AND ORDER

On October 18, 2010, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section § 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections and supplemental objections to the Magistrate Judge's *Report and Recommendation.* Docs. 4, 6. For the reasons that follow, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred. Petitioner argues that these recommendations violate *Day v. McDonough*, 547 U.S. 198 (2006). Petitioner contends that he is actually innocent of the charges such that equitable tolling of the statute of limitations should apply. Further, Petitioner argues that the Magistrate Judge's recommendation violates the Suspension Clause of the Constitution. None of these arguments are persuasive.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition. *Day v. McDonough,* 547 U.S. at 198. Further, while a prisoner's

actual innocence may justify equitable tolling of the statute of limitations, *Souter v. Jones,* 395 F.3d 577 (6th Cir.2005), the record does not reflect a showing of actual innocence such that equitable tolling of the statute of limitations is warranted here.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Id.* at 589-90. Petitioner has not met this standard. He alleges that the witnesses against him lied and the prosecutor knowingly presented perjured testimony; however, the state appellate court rejected has rejected these arguments, and Petitioner provides nothing in support of these allegations. Moreover, the dismissal of this action as time-barred is not prohibited by the Suspension Clause.

> Under the Suspension Clause to the United States Constitution, Congress cannot abolish habeas corpus except in situations of rebellion or invasion. U.S. CONST. art. I, § 9, cl. 2. The United States Supreme Court has found that habeas legislation violates the Suspension Clause only when it unreasonably "renders the habeas

2

> remedy 'inadequate or ineffective' to test the legality of detention ." *Miller v. Marr,* 141 F.3d 976, 977 (10th Cir.1998) (quoting *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), and *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952)). Because the AEDPA's statute of limitations leaves habeas petitioners with a reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy "inadequate or ineffective to test the legality of detention." *See Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 113 (2nd Cir.2000); *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000); Miller, 141 F.3d at 978; *Rhodes v. Senkowski,* 82 F.Supp.2d 160, 174 (S.D.N.Y. 2000); *Biladeau v. Angelone,* 39 F.Supp.2d 652, 657-58 (E.D.Va.1999). The AEDPA's statute of limitations does not unconstitutionally suspend the writ of habeas corpus.

*See Lynch v. Sheets,* No. 2:08-CV-322, 2008 WL 2835465, at *1 (S.D. Ohio July 21, 2008)(citing *Birch v. Sherman,* No. 01-CV-74402-DT, 2002 WL 1880398, at *4 (E.D. Mich. July 31, 2002); *Thomas v. Straub,* 10 F.Supp.2d 834, 836 (E.D. Mich. 1998).

Pursuant to 28 U.S.C. § 626(b), this Court has conducted a *de novo* review. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's objections (Docs. 4, 6) are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                  1-11-2011
                                  EDMUND A. SARGUS, JR.
                                  United States District Judge